**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ALMEDIA CROSBY CRUZ,

    Plaintiff,

v.

THE SALVATION ARMY and
SERGEANT JEANNE SCHMIDT,

    Defendant.

CIVIL ACTION NO.
1:08-CV-1542-RWS

## **ORDER**

This case is before the Court on Plaintiff's Motion for Leave to Appeal *in forma pauperis* [20] for the purpose of a frivolity review pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's Motion to Appeal *in forma pauperis* [23], and Plaintiff's Motion to Strike [21]. After considering the entire record, the Court enters the following Order.

## **I. Background**

Plaintiff filed a civil complaint in the Superior Court of Fulton County on March 21, 2008, alleging that Defendants discriminated against her on the basis of her age and that Defendants retaliated against her for complaints of age discrimination. Plaintiff asserted her action under Title VII of the Civil Rights

Act and also brought a claim under state law for libel and defamation. Finally, Plaintiff seeks attorneys fees for Defendant's bad faith for failing to comply with federal laws under Title VII and for defamation, pursuant to O.C.G.A. § 51-2-7. On April 24, 2008, based on federal question jurisdiction, Defendants removed the case to federal court.

Plaintiff filed a charge of age discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on July 17, 2006, against Defendant Salvation Army. Therein, Plaintiff alleged that she was denied positions with Defendant which she asserted were discriminatory actions based on her age, 59, and in retaliation for complaints of discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"). On March 9, 2007, the EEOC issued a Dismissal and Notice of Rights to Plaintiff and advised Plaintiff that she had ninety (90) days from receipt of the notice to file a complaint in court. On May 21, 2007, the EEOC issued a Reconsideration Notice and Revocation of Notice of Right to Sue in order to re-examine Plaintiff's complaint. On September 11, 2007, the EEOC issued a Dismissal and Notice of Rights to Plaintiff and advised Plaintiff that she had ninety (90) days from receipt of the notice to file a complaint in court. Plaintiff filed her

complaint on March 21, 2008. Defendant submitted a Motion to Dismiss [5] pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's complaint failed to state a claim. FED. R. CIV. P. 12(b)(6). Defendant also submitted a Motion to Strike Portions of Plaintiff's complaint and exhibits thereto pursuant to Federal Rule of Civil Procedure 12(f). FED. R. CIV. P. 12(f). The Court permitted the Plaintiff to file her untimely responses, in light of several factors, including her *pro se* status. In an Order issued on August 27, 2008 [17], the Court granted Defendant's Motion to Dismiss [5] the case. Defendant's Motion to Strike [6] was denied as moot, while Plaintiff's request for a meeting [16] was denied. Currently, Plaintiff has submitted a notice of appeal and has asked the Court's permission pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.

## II. Discussion

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. In pertinent part, § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment

> of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
>
> . . .
>
> (3) . . . A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding. . . .

Thus, both § 1915(a) and Rule 24 make clear that two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*. First, the party must show an inability to pay. Second, the appeal must be brought in good

4

faith. Plaintiff has made the requisite showing of poverty. (See Mot. To Appeal *in forma pauperis* [23].) As such, the only issue here is whether Plaintiff has satisfied the good faith requirement.

An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir.

AO 72A
(Rev.8/82)

1991) (per curiam). Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. See Cofield v. Alabama Pub. Serv. Comm'n., 936 F.2d 512, 515 (11th Cir. 1991).

In this case, Plaintiff did not file her court claim within the ninety-day statutory period as required by law. As the Court noted in its Order of August 27, 2008 [17], equitable tolling was inappropriate in this case, as the right-to-sue letter issued to Plaintiff explicitly advised her of the ninety-day period within which to file suit. The Court found that none of the subsequent correspondence between Plaintiff and EEOC staff warranted tolling the limitation period, and the Court continues to find this issue without any arguable merit. For these reasons, the Court must conclude that an appeal of this issue would be frivolous and not taken in good faith. Therefore, Plaintiff shall not be granted *in forma pauperis* status for her appeal.

### III. Conclusion

In conclusion, for the reasons stated above, Plaintiff's Motion for Leave to Appeal *in forma pauperis* [20] is hereby **DENIED**, Plaintiff's Motion to Appeal *in forma pauperis* [23] is hereby **DENIED**, and Defendants' Motion to Strike [21] is **DENIED as moot**.

6

**SO ORDERED**, this   31st   day of October, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE